**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LATONIE MASON,**

    **Plaintiff,**

**vs.**                                                                **CASE NO. 4:07CV153-MP/AK**

**DR. EFREN CARBONELL,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, brings this lawsuit against Dr. Carbonell alleging that he was deliberately indifferent to her medical needs while she was incarcerated at Federal Correctional Institution in Tallahassee. Defendant has moved to dismiss for failure to exhaust administrative remedies. (Docs. 67, 68 and 69). Plaintiff was given time to respond to the motion, but has not filed a pleading responsive to the issues raised in Defendant's motion. (See Docs. 71 and 72).

**I.      Allegations of the Amended Complaint (doc. 42)**

Plaintiff claims that she saw Dr. Carbonell on February 15, 2003, who prescribed medication for her chronic conditions. She is blind in one eye, has a heart condition, and high blood pressure. She claims that although she told him she was having side effects from the medication, he increased both her Lasix and Furosemide, and did not treat her for her complaints of chest pain and headaches. Finally, after numerous

complaints she was seen by Dr. Ortiz, who allegedly told her that Dr. Carbonell had been giving her the wrong medication. Plaintiff does not describe any injury resulting from the alleged wrong medication or lack of care.

## II.     Defendant's Motion to Dismiss with Memorandum (docs. 67, 68 and 69)

Defendant has moved to dismiss on grounds that Plaintiff did not exhaust administrative remedies.

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be

**No. 4:07cv153-MP/AK**

required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process. Alexander, 159 F.3d at 1323.

At the time of the complaint, Plaintiff was housed within the Bureau of Prisons, which provides for a three level grievance process: (1) an inmate must first file a request for administrative remedy with the institution; (2) if he dissatisfied with the response, he then must appeal to the Regional Director; and (3) if still dissatisfied, the inmate may appeal to the General Counsel. 28 CFR §542.10. Defendants assert that Plaintiff has filed no grievances at all pertaining to the allegations made by her in the lawsuit. (Doc. 68, p. 2). Despite being on notice of this issue, Plaintiff did not file a response or otherwise address the issue of exhaustion or provide proof of same.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 67) be **GRANTED**, and Plaintiff's amended complaint (doc. 42) be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**No. 4:07cv153-MP/AK**

**IN CHAMBERS** at Gainesville, Florida, this __*8th*__ day of July, 2009.


          *s/ A. KORNBLUM*
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:07cv153-MP/AK**