IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATONIE MASON,

    Plaintiff,

v.                                          CASE NO. 4:07-cv-00153-MP-AK

DR. EFREN CARBONELL,

    Defendant.

_____/

**O R D E R**

       This matter is before the Court on Doc. 79, Report and Recommendation of the Magistrate Judge, which recommends that the Court grant Defendant's motion to dismiss Plaintiff's complaint for failure to exhaust all available administrative remedies. Defendant filed the motion to dismiss (Doc. 67) on September 8, 2008. On September 19, 2008, the Magistrate ordered that a copy of the motion be mailed to Plaintiff and gave Plaintiff an additional fourteen days to respond to the motion. Doc. 72. Plaintiff did not respond to the motion to dismiss but did file two requests for an update on the status of her case. (Docs. 74 and 78). The Magistrate entered the Report on July 8, 2009. Plaintiff thereafter filed a timely objection. Doc. 80. Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the Report to which Plaintiff objects. For the reasons stated below, the Court will adopt the Report and grant Defendant's motion to dismiss.

       In her objection, Plaintiff does not dispute that she failed to pursue all available administrative remedies at Federal Correctional Institution in Tallahassee, Florida, where she alleges the defendant was deliberately indifferent to her medical needs. However, Plaintiff

argues that: (1) she was transferred to another institution; and (2) no administrative remedy is available for alleged wrongs that occurred at another institution. Although Plaintiff was able to file her complaint three days before her transfer, Plaintiff claims she did not have time to pursue an administrative remedy. In any event, Plaintiff's contention that no administrative remedy was available is incorrect. Under 28 C.F.R. § 542.15(b), the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, *and to former inmates for issues that arose during their confinement*." (emphasis added). Because Plaintiff did not exhaust all available administrative remedies before bringing her complaint, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 79) is ADOPTED and incorporated herein. Defendant's Motion to Dismiss (Doc. 67) is GRANTED, and this action is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997(e) for failure to exhaust all available administrative remedies. The Clerk is directed to close the file.

**DONE AND ORDERED** this *31st* day of July, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge